**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **PATENT HARBOR,LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **CIVIL ACTION NO.** |
| | § | _____ |
| **LG ELECTRONICS, INC., LG** | § | |
| **ELECTRONICS U.S.A., INC., CUTRIS** | § | |
| **INTERNATIONAL LTD, COBY** | § | |
| **ELECTRONICS CORPORATION** | § | |
| | § | |
| **Defendants.** | § | **JURY TRIAL IS DEMANDED** |
| | § | |
| | § | |

## ORIGINAL COMPLAINT

This is an action for patent infringement in which Patent Harbor, LLC, ("Patent Harbor") makes the following allegations against LG Electronics, Inc., LG Electronics U.S.A., Inc., Curtis International Ltd. and Coby Electronics Corporation (collectively the "Defendants" and/or "each Defendant").

## PARTIES

1.     Patent Harbor is a corporation organized under the laws of the State of Texas. Patent Harbor maintains its principal place of business at 100 East Ferguson Street, Suite 806, Tyler, Texas 75702.

2.     Upon information and belief, Defendant LG Electronics, Inc. ("LG Electronics") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of Korea with a principal place of business at LG Twin Towers 20, Yoido-dong, Youngdungpo-gu, Seoul, Korea 150-721.  LG Electronics manufactures for sale and/or sells DVD players and recorders to consumers in the United States and, more particularly, in the

Eastern District of Texas.  LG Electronics may be served with process in accordance with the Haag Convention.

3.      Upon information and belief, Defendant LG Electronics U.S.A., Inc. ("LG U.S.A.") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  LG U.S.A. manufactures for sale and/or sells DVD players and recorders to consumers in the United States and, more particularly, in the Eastern District of Texas.  LG U.S.A. may be served with process by serving its registered agent, United States Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4.      Upon information and belief, Defendant Curtis International Ltd. ("Curtis") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of Canada with a principal place of business at 315 Attwell Drive, Etobicoke, Ontario, Canada M9W 5C1.  Curtis manufactures for sale and/or sells DVD players and recorders to consumers in the United States and, more particularly, in the Eastern District of Texas.  Curtis may be served with process by serving the Ministry of the Attorney General, Courts Administration Court House (Provincial Division), 393 Main Street, Haileybury, Ontario P0J 1K0 Canada.

5.      Upon information and belief, Coby Electronics Corporation ("Coby") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of New York with a principal place of business at 1991 Marcus Avenue, Suite 301, Lake Success, New York 11042.  Coby manufactures for sale and/or sells DVD players and recorders to consumers in the United States and, more particularly, in the Eastern District of Texas.  Coby

may be served with process by serving its CEO Young Dong Leelee or another officer at its principal place of business.

## JURISDICTION AND VENUE

6.      This is an action for violation of the patent laws of the United States, Title 35, United States Code, more particularly, 35 U.S.C. §§ 271 *et seq*.

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over each Defendant.  Each Defendant has conducted and does conduct business within the State of Texas.  Each Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products in the United States, the State of Texas, and the Eastern District of Texas.  Upon information and belief, each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  Upon information and belief, these infringing products have been and continue to be purchased by consumers in the Eastern District of Texas.  Each Defendant has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

9.      Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 5,977,992

10.     Patent Harbor refers to and incorporates all preceding paragraphs as though fully set forth herein.

11.     United States Patent No. 5,977,992 ("the '992 Patent"), entitled "Apparatus and Method for Assembling Content Addressable Video" was duly and legally issued by the United States Patent and Trademark Office on November 2, 1999, after full and fair examination.  Patent Harbor is the assignee of all rights, title, and interest in and to the '992 Patent and possesses all rights of recovery under the '992 Patent, including the right to recover damages for past infringements.  A true and correct copy of the '992 Patent is attached as Exhibit A.

12.     Upon information and belief, Defendants manufacture, make, have made, use, practice, import, provide, supply, distribute, sell, and/or offer for sale products that infringe one or more claims of the '992 Patent; and/or Defendants induce and/or contribute to infringement of one or more claims of the '992 Patent.

13.     Upon information and belief, LG Electronics and/or LG U.S.A. (collectively "LG") manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale DVD and/or Blu-ray players, including, but not limited to, the LG DP373B Portable DVD Player and the LG DN898 DVD Player, as well as DVD and Blu-ray players under at least the JVC and ZENITH brands, including, but not limited to, the JVC XV-BP11 Blu-ray Player and ZENITH DVB812 DVD Player.  The LG players, with their menu selection features, infringe one or more claims of the '992 Patent.

14.     Upon information and belief, Curtis manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale DVD and/or Blu-ray players, including the DVD 7026A Portable DVD Player.  The Curtis players, with their menu selection features, infringe one or more claims of the '992 Patent.

15.     Upon information and belief, Coby manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale DVD and/or Blu-

ray players, including the TF DVD 7008 Portable DVD Player.  The Coby players, with their menu selection features, infringe one or more claims of the '992 Patent.

16.     Defendants listed in paragraphs 13-15 above (collectively, the "992 Defendants") have actual notice of the '992 Patent at least as early as the filing of this Original Complaint.

17.     Upon information and belief, the '992 Defendants are infringing one or more claims, including but not limited to claim 2, of the '992 Patent under 35 U.S.C. § 271 by performing, without authority, one or more of the following acts: (i) making, using, offering to sell, and selling within the United States the patented invention of one or more claims of the '992 Patent; (ii) importing into the United States the patented invention of one or more claims of the '992 Patent; and (iii) indirectly infringing one or more claims of the '992 Patent by means of inducing infringement and/or contributing to infringement.

18.     Patent Harbor has been damaged as a result of the '992 Defendants' infringing conduct.  The '992 Defendants are, thus, liable to Patent Harbor in an amount that adequately compensates Patent Harbor for the '992 Defendants' respective infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 § U.S.C. 284.

19.     The '992 Defendants will continue to infringe the claims of the '992 Patent unless enjoined.  The '992 Defendants' continuing acts of infringement are irreparably harming and causing damage to Patent Harbor.  Patent Harbor has no adequate remedy at law to redress the '992 Defendants' continuing acts of infringement.  The hardships that would be imposed upon the '992 Defendants by an injunction are less than those faced by Patent Harbor should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

20.     Patent Harbor is in compliance with the requirements of 35 U.S.C. § 287.

21.     As a result of the '992 Defendants' acts of infringement, Patent Harbor has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 5,684,514

22.     Patent Harbor refers to and incorporates all preceding paragraphs as though fully set forth herein.

23.     United States Patent No. 5,684,514 ("the '514 Patent"), entitled "Apparatus and Method for Assembling Content Addressable Video" was duly and legally issued by the United States Patent and Trademark Office on November 4, 1997, after full and fair examination. Patent Harbor is the assignee of all rights, title, and interest in and to the '514 Patent and possesses all rights of recovery under the '514 Patent, including the right to recover damages for past infringements. A true and correct copy of the '514 Patent is attached as Exhibit B.

24.     Upon information and belief, LG manufactures, uses, sells, offers to sell and/or distributes DVD recorders, including, but not limited to, the RC897T Recorder, as well as DVD Recorders under at least the JVC brand, including, but not limited to the JVC DR-MV 150B DVD Recorder. The LG recorders, with their content-addressing features, infringe one or more claims of the '514 Patent.

25.     Upon information and belief, Curtis manufactures, uses, sells, offers to sell and/or distributes DVD recorders, including, but not limited to the DRC8335 Recorder. The Curtis recorders, with their content-addressing features, infringe one or more claims of the '514 Patent.

26.     Upon information and belief, Coby manufactures, uses, sells, offers to sell and/or distributes DVD recorders, including, but not limited to the DVD-R1280 Recorder. The Coby recorders, with their content-addressing features, infringe one or more claims of the '514 Patent.

27.     Defendants listed in paragraphs 24-26 (collectively, "the '514 Defendants") have actual notice of the '514 Patent at least as early as the filing of this First Amended Complaint.

28.     Upon information and belief, the '514 Defendants are infringing one or more claims, including but not limited to claim 1 of the '514 Patent under 35 U.S.C. § 271 by performing, without authority, one or more of the following acts: (i) making, using, offering to sell, and selling within the United States the patented invention of one or more claims of the '514 Patent; (ii) importing into the United States the patented invention of one or more claims of the '514 Patent; and (iii) indirectly infringing one or more claims of the '514 Patent by means of inducing infringement and/or contributing to infringement.

29.     Patent Harbor has been damaged as a result of the '514 Defendants' infringing conduct.  The '514 Defendants are, thus, liable to Patent Harbor in an amount that adequately compensates Patent Harbor for the '514 Defendants' respective infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 § U.S.C. 284.

30.     The '514 Defendants will continue to infringe the claims of the '514 Patent unless enjoined.  The '514 Defendants' continuing acts of infringement are irreparably harming and causing damage to Patent Harbor.  Patent Harbor has no adequate remedy at law to redress the '514 Defendants' continuing acts of infringement.  The hardships that would be imposed upon the '514 Defendants by an injunction are less than those faced by Patent Harbor should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

31.     Patent Harbor is in compliance with the requirements of 35 U.S.C. § 287.

32.     As a result of the '514 Defendants' acts of infringement, Patent Harbor has suffered and will continue to suffer damages in an amount to be proved at trial.

**PRAYER FOR RELIEF**

Patent Harbor prays for the following relief:

A.     A judgment that the '992 Defendants have infringed the '992 Patent as alleged herein, directly and/or indirectly by way of contributory infringement and/or inducing infringement of the '992 Patent, as alleged herein;

B.     A judgment that the '514 Defendants have infringed the '514 Patent as alleged herein, directly and/or indirectly by way of contributory infringement and/or inducing infringement of the '514 Patent, as alleged herein;

C.     A judgment and order requiring Defendants to pay Patent Harbor compensatory damages in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

D.     A judgment and order requiring Defendants to pay Patent Harbor pre-judgment and post-judgment interest on the damages awarded;

E.     A judgment and order that the '992 Defendants, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be permanently enjoined from further infringing the '992 Patent.  In the alternative, a judgment and order that the '992 Defendants pay Patent Harbor an on-going royalty for future acts of infringement, at a rate determined by the jury or the Court;

F.     A judgment and order that the '514 Defendants, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be permanently enjoined from further infringing the '514 Patent.  In the alternative, a judgment and

order that the '514 Defendants pay Patent Harbor an on-going royalty for future acts of infringement, at a rate determined by the jury or the Court; and

G.      Any and all other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Patent Harbor, LLC hereby demands that all issues be determined by a jury.

DATED:      August 20, 2010                    Respectfully submitted,

_/s/ Keith A. Rutherford_
Keith A. Rutherford
Texas State Bar No. 17452000
**Lead Attorney**
John C. Cain
Texas State Bar No. 00783778
Scott Reese
Texas State Bar No. 24046696
WONG, CABELLO, LUTSCH,
    RUTHERFORD & BRUCCULERI, L.L.P.
20333 SH 249, Ste. 600
Houston, Texas 77070
Telephone: (832) 446-2400
Facsimile:  (832) 446-2424
E-Mail: krutherford@counselip.com
E-Mail: jcain@counselip.com
E-Mail: sreese@counselip.com

T. John Ward, Jr.
Texas State Bar No. 00794818
WARD & SMITH LAW FIRM
111 W. Tyler St.
Longview, Texas 75601
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323
E-Mail:  jw@jwfirm.com

**COUNSEL FOR PLAINTIFF**
**PATENT HARBOR, LLC**